# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANTHONY DIVIRIGILIO,

        Plaintiff,

v.                                        Case No:   6:19-cv-1055-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

_____

## ORDER[1]

    This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **OPPOSED MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)    (Doc. No. 38)** |
| **FILED:** | **December 19, 2023** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

_____

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.   *See* Doc. Nos. 16, 19–20.   The case was reassigned to the undersigned on July 12, 2023.   Doc. No. 36.

## I.     BACKGROUND.

Prior to filing the above-styled case, on May 30, 2019, Anthony DiVirgilio ("Claimant") entered into a contingency fee agreement with Bradley K. Boyd, Esq., for the purpose of appealing the Commissioner of Social Security's ("the Commissioner") denial of Claimant's request for social security disability benefits. Doc. No. 38-3.   In the event that the Court remanded the case to the Commissioner for further proceedings and the Commissioner awarded Claimant past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Boyd a fee of up to twenty-five percent (25%) of the total amount of the past-due benefits ultimately awarded.   *Id.*   Pursuant to the fee agreement, the twenty-five percent (25%) cap on attorney's fees included the work performed by counsel at the administrative level.   *Id.*

On June 7, 2019, Claimant filed a complaint alleging that the Commissioner had improperly denied his claim for disability insurance benefits.   Doc. No. 1.   On August 11, 2020, the Court reversed and remanded the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   Doc. No. 31.   Judgment was entered accordingly the next day.   Doc. No. 32.

Following remand, Claimant timely filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.   Doc. No. 33. Attorney Boyd stated that he spent 25.83 hours on this case prior to remand.   Doc.

Nos. 33-1, 33-3.   On November 12, 2020, the Court granted the motion in relevant part, and awarded a total of $5,213.48 in attorney's fees under the EAJA.   Doc. No. 34.

On remand, the Commissioner issued a favorable decision determining that Claimant was entitled to disability insurance benefits and awarded Claimant past-due benefits in the total amount of $293,719.90.   Doc. No. 38-1, at 2.   By the present motion,[2] Attorney Boyd seeks authorization to collect $63,894.45 in attorney's fees under § 406(b).   Doc. No. 38, at 3.   Attorney Boyd calculates this figure as twenty-five percent (25%) of the total past due benefits to be paid ($73,187.00)[3] minus $9,292.55 in attorney's fees received at the administrative level, which he agreed to deduct pursuant to the fee agreement.   *Id.*   Attorney Boyd further states that he will refund to Claimant the $5,213.48 in EAJA fees as soon as he receives payment from the Social Security Administration.   *Id.* at 4.   The Commissioner "neither supports nor opposes" Attorney Boyd's motion.   Doc. No. 39.   However, Claimant does not oppose, and has also signed the motion.   Doc. No. 38, at 3, 11.

---

[2] Pursuant to prior order of the Court, the motion is timely.   *See* Doc. Nos. 37, 38-4.

[3] Twenty-five percent (25%) of the past due benefits ($293,719.90) actually totals $73,429.98, but the Court utilizes the figures used in Attorney Boyd's motion, as those figures do not exceed the twenty-five percent (25%) cap.   *See* Doc. No. 38.   $73,187.00 is also the amount that the Social Security Administration withheld from the past-due benefits in order to pay counsel.   *See* Doc. No. 38-1, at 4.

## II.    APPLICABLE LAW.

Attorney Boyd seeks attorney's fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).[4]   The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount more than that allowed by the court. *Id*. § 406(b)(2).   Therefore, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further

---

[4] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the twenty-five percent limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b).   Accordingly, here, the Court need not consider any § 406(a) fees awarded at the administrative level.   However, Attorney Boyd has voluntarily deducted the § 406(a) fees previously awarded pursuant to the fee agreement entered into with Claimant.   Doc. No. 38, at 3; Doc. No. 38-3.

proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id.* at 1277.   Accordingly, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover his attorneys' fees for the work he performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits.   *Id.*

An attorney cannot recover a fee for the same work under both the EAJA and § 406(b) — both of which compensate the attorney for the attorney's efforts before the district court.   If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to the claimant the amount of the smaller fee.   *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).   The attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from the attorney's subsequent § 406(b) fee request.   *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

The reasonableness of an attorney's fee under § 406(b) depends on whether the claimant agreed to pay the attorney an hourly rate or a contingency fee.   In the case of a contingency fee, the best indicator of "reasonableness" is the percentage negotiated between the claimant and the attorney.   *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).   However, a court cannot rely solely on the existence of a contingency fee agreement.   *See Gisbrecht*, 535 U.S. at 807–08.   Rather, a court must review the contingency fee agreement as an independent check to ensure that it

yields a reasonable result in each case.  *Id*.  In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings.  *See id*. at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (noting that the hours spent, and billing rate does not control a court's determination of overall reasonableness).  The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered.  *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

## III.   ANALYSIS.

Attorney Boyd represented Claimant before this Court and, through his advocacy, achieved a reversal and remand of the Commissioner's final decision.  Doc. Nos. 27, 31.  Ultimately, the Commissioner determined that Claimant was entitled to disability insurance benefits and awarded Claimant past-due benefits in the total amount of $293,719.90.  Doc. No. 38-1, at 2.  Attorney Boyd is therefore entitled to an award of attorneys' fees under § 406(b).  *See Bergen*, 454 F.3d at 1271.

Attorney Boyd is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded.  *See* 42 U.S.C. § 406(b)(1)(A).  However, as discussed above, Attorney Boyd seeks to recover only $63,894.45, by providing a different calculation for twenty-five percent (25%) of the past due benefits awarded and further subtracting $9,292.55 in attorney's fees received at the administrative level. Doc. No. 38, at 3.

Upon consideration, the Court finds that the amount Attorney Boyd requests in § 406(b) fees is reasonable.   First, Claimant entered a contingency-fee agreement, in which he agreed to pay Attorney Boyd and his law firm a fee of twenty-five percent (25%) of the total amount of the past due benefits ultimately awarded to Claimant (to include the fee paid for work performed at the administrative level). Doc. No. 38-3.  This agreement militates in favor of finding that the requested amount is reasonable.  *See Wells*, 907 F.2d at 371.   Second, Attorney Boyd represents that he spent at least 25.83 hours litigating Claimant's case before this Court.  Doc. No. 38-5.  As a result of Attorney Boyd's advocacy, Claimant was awarded past-due benefits.  Doc. No. 38-1.  Third, there is no evidence that Attorney Boyd or his law firm caused any delays in this case.  Finally, Attorney Boyd undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits.   Considering the foregoing, and absent any objections from the

Commissioner or Claimant, the Court finds the request for $63,894.45 in attorney's fees under § 406(b) reasonable under the circumstances of this case.

**IV.   CONCLUSION.**

For the reasons stated herein, it is **ORDERED** that:

1.      The Opposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 38) is **GRANTED**.

2.      Attorney Boyd is authorized to charge and collect from Claimant a total of $63,894.45 in § 406(b) fees and is thereafter **DIRECTED** to immediately refund the full amount of previously awarded EAJA fees ($5,213.48) to Claimant.

**DONE** and **ORDERED** in Orlando, Florida on January 4, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties